UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

04-11296 MLW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DIAMOND WINDOWS & DOORS, Mfg., Inc.
    Plaintiff

MAGISTRATE JUDGE Cohen

CARLSON WEGOMA, LLC
a/k/a Wegoma, Inc.
    Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECEIPT # 56516
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 6/14/04

**COMPLAINT AND JURY DEMAND**

## PARTIES

1. The Plaintiff, Diamond Windows & Doors, Mfg., Inc. is a Massachusetts corporation with a principal place of business located at 99 East Cottage Street, Boston, MA 02125.

2. The Defendant, Carlson Wegoma, LLC., is a Nebraska corporation with a principal place of business located at 2368 East Enterprise Parkway in Twinsburg, Ohio 44087.

## JURISDICTION

3. The Plaintiff is a corporation organized under the laws of, and with a principal place of business located in the Commonwealth of Massachusetts.

4. The Defendant, Carlson Wegoma, LLC, is a Nebraska corporation with a principal place of business located at 2368 East Enterprise Parkway in Twinsburg, Ohio 44087.

1

5. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. s. 1332. Venue is proper in this district under 28 U.S.C. s 1391(a).

6. Jurisdiction over the Defendant is based upon diversity of citizenship of the parties and an amount in controversy which exceeds $75,000.00.

7. The Plaintiff's cause of action arises out of the Defendant's conduct leading up to and including a contract that was formed in Massachusetts, specifically Defendant's failure to delivery a machine as promised to the Plaintiff and its several breaches of promises made to the Plaintiff that are the proximate causes of the Plaintiff's business losses.

## FACTS.

8. On or about May of 2003, the Defendant Corporation came into Massachusetts and visited Plaintiff's place of business for the purpose of selling it a THX machine.

9. Defendant Corporation had come to the Defendant Corporation more than once between May 2000 and May 2003, always for the purpose of trying to sell Plaintiff a machine for complete cleaning/processing requirements of both frames & sash, namely the THX machine. It left brochures, video tapes and in addition, Defendant advertised on a website that it has an "unparallel reputation for product innovation". Plaintiff was told by Defendant's salespersons about the THX machine and its capabilities.

10. Defendant Corporation represented to Plaintiff that said THX machine would clean sash at a rapid rate and make Plaintiff's fabrication process more efficient by replacing the three machines it was currently operating with one machine. The machine was represented to be the "fastest in the industry."

11. Plaintiff explicitly informed Defendant about its special needs to have the sash corners cleaned in a certain manner.

12. Defendant's sales manager Richard Wilson visited Plaintiff's factory on several occasions and was shown the Plaintiff's manufacturing processes of windows and doors and what needed to be cleaned.

13. Defendant's sales manager was further shown the corner cleaning process that Plaintiff has been trying to replace then consisting of three machines. Each tool cleaned a particular section of a window sash, namely the weld burn off, tilt latch and the T-slot routing.

14. Defendant's sales manager was shown exactly where Plaintiff needs to clean the T-slot.

15. Defendant through its sales manager Richard Wilson had several meetings with the representatives of the Plaintiff to reiterate Plaintiff's requirements, namely to replace the aforementioned three machines for better efficiency and quality.

16. Defendant through its sales manager assured Plaintiff that THX will clean the T-slot the way Plaintiff wanted it cleaned and that the THX machine will replace all three machines.

17. On or about June 2003, Plaintiff sent Defendant 2 of the 4 finished sashes with all of the cleaning done so Defendant would know what they were supposed to look like as finished products after they were cleaned by THX machine.

18. During the following two to three months, Plaintiff sent approximately 20 "uncleaned" upper sashes and approximately 20 "uncleaned" lower sashes to the Defendant for the express purpose of processing these uncleaned sashes through the THX machine to make sure that the THX machine does what Defendant had promised, namely to clean the corners or the T-slot before it would ship the THX machine to the Plaintiff in Massachusetts.

19. It was foreseeable to the Defendant that if the machine did not perform the type of cleaning that was done with a T-slot routing, Plaintiff would have no use for said machine.

20. It was agreed that Defendant would not ship the THX machine to Massachusetts until it was tested on Plaintiff's sashes to Plaintiff's satisfaction.

21. It was agreed between the parties that before shipping the THX machine, Plaintiff would visit Defendant's factory to approve the machine before said machine was shipped to Massachusetts to witness how the machine preformed before accepting delivery.

22. Plaintiff requested the samples of sashes that were sent to the Defendant earlier to be processed through the THX machines and sent to Plaintiff for approval prior to shipping the THX machine to the Plaintiff.

23. Defendant pressured Plaintiff to take delivery of the THX machine because Defendant wanted to make Defendant's fiscal year for 2003.

24. Defendant did not process the sashes through the THX machine and did not send any finished samples to the Plaintiff prior to shipping the THX machine to the Plaintiff.

25. Plaintiff did not approve or sign off on the THX machine either orally or in writing prior to its delivery to Plaintiff's factory.

26. Sometime in November 2003, the THX machine was delivered to the Plaintiff's factory without confirmation that the THX machine performed as expected by the Plaintiff.

27. Plaintiff paid over $135,150.00 to Defendant for the THX machine which Plaintiff expected to include the T-slot routing feature.

28. Plaintiff did not get what it bargained for.

29. When the THX machine was delivered in November, 2003, it did not include the T-slot routing function.

30. Defendant was in an excellent position to know what Plaintiff wanted because it had received "uncleaned sashes" for the demonstration project BEFORE shipping the machine and had agreed to test the machine in its practical setting.

31. Defendant knowingly and wrongfully shipped the untested machine directly to Plaintiff corporation in November of 2003 admitting that it never did what it promised. Defendant never tested the uncleaned sashes to understand what Plaintiff required.

32. Upon receipt of the THX machine, Plaintiff informed Defendant that the machine did not work as promised because it did not clean the sashes as Plaintiff required and as Defendant warranted it would.

33. Defendant represented to Plaintiff that if it paid another $20,000.00, Defendant would modify the THX machine and then it would faithfully perform the T-slot routing routine.

34. The THX machine was shipped back to Defendant for modification.

35. On or about January 2004, Defendant insisted that Plaintiff pay for such modification.

36. It was agreed that the modified machine should be sent back to Plaintiff only if it performed the T-slot routine in a satisfactory manner as promised otherwise said machine should not be sent and all monies would be returned.

37. The modified THX machine arrived in March 2004. Plaintiff tested the THX machine which was totally unsatisfactory with repeated break-downs and slow processing of sashes dramatically below the productivity rate of 400 sashes per 8 hour shift as represented to Plaintiff by Defendant in May of 2003.

38. Said THX machine was left idle and cannot be put into production.

39. On April 6, 2004, Defendant through its sales manager Richard Wilson came to meet with Plaintiff's representatives and told them that if they returned the machine they would be charged 15% restocking fee (they would only get $102,000.00 back and still be responsible for the $20,000.00 modification charges plus travel expenses of the technician who came to Plaintiff in Massachusetts to set up the THX machine.

40. Plaintiff still has possession of the THX machine in Plaintiff's factory in Massachusetts with the T-slot modification but cannot prudently return said non-conforming machine until Defendant agrees to return Plaintiff's monies.

41. Plaintiff sent Defendant a 30-day demand letter on May 6, 2004 demanding $141,950.00 and offering to return the THX machine.

## COUNT I
### Breach of Contract

42. The Plaintiff repeats the facts as set out in the previous paragraphs.

43. At all times leading up to this action, Plaintiff faithfully kept its promises and paid over said monies to the Defendant as requested.

44. Defendant sold Plaintiff a non-conforming machine totally unsuitable for its intended purpose of cleaning sashes at an improved efficiency rate of at least 400 per 8-hour shift day.

45. Defendant breached its agreement by shipping the THX machine to the Plaintiff without either testing the machine's functionality by processing the sashes or have Plaintiff went to Defendant's plant in Ohio to personally sign off on the machine prior to shipping the THX machine to the Plaintiff in Massachusetts.

46. As a direct and proximate result of the Defendant's conduct, the Plaintiff has sustained monetary damages plus costs and fees.

### DEMAND FOR RELIEF

WHEREFORE, the Plaintiff respectfully demands that this Honorable Court:

a. Determine that the actions of the Defendant constitute a substantial breach of the original purchase order as modified;

b. Award Plaintiff damages against the Defendant, plus interest, costs and reasonable attorneys' fees; and

c. Award such other and further relief as this Honorable Court deems most just in these circumstances,

## COUNT II
### (Violation of M.G. L. Ch. 93 A)

47. The Plaintiff repeats and reavers the facts and allegations contained in the previous paragraphs as if they were set forth herein.

48. When the Defendant came into Plaintiff's work place to sell them the THX machine, it willfully, intentionally and with knowing disregard of the truth warranted that the machine would perform efficiently and clean Plaintiff's sashes in the manner that Plaintiff requires.

49. Defendant made several promises and misrepresentations intended to take Plaintiff's monies and deliver a machine that was ill suited for its intended purpose and without the T-slot routing function.

50. When Plaintiff complained, Defendant intentionally misrepresented that it could solve the problem if Plaintiff paid over still another $20,000.00.

51. Defendant holds itself out to be an expert company with "engineering assistance" provided on request.

52. Plaintiff relied on Defendant's representations that with its engineering expertise, Defendant will be able provide the machine (THX) that would eliminate all three machines that Plaintiff was currently using for cleaning in its manufacturing process.

53. Plaintiff is a tradesman and relied on Defendant's boasts and misrepresentations about the imminent benefits of the THX machine.

54. The name of the machine is "THX Twinhead Weldseam Cleaner."

55. The dispute is that the machine both broke down frequently and did not clean the weldseams as promised and as represented in brochures and in various oral and written representations to Plaintiffs.

### DEMAND FOR RELIEF

WHEREFORE, the Plaintiff respectfully demand that his Honorable Court:

    a. Determine that the acts and business practices of Defendant are in violation of the M.G.L., Chapter 93A.

    b. Determine that the acts and business practices of Defendant were willful and knowing misrepresentations designed to "close the deal" by promising what Defendant knew it could not deliver.

    c. Determine the amount of damages suffered by the Plaintiff,

    d. Award Plaintiff double or triple damages against Defendant as well as attorneys' fees and costs, as provided for under the M.G.L., Ch. 93 A, and

    e. Award such other and further relief as this Honorable Court deems just in these circumstances.

## COUNT III
### (Misrepresentations)

56. Defendant engaged in a series of misrepresentations designed to sell Plaintiff a machine that could not and would do the cleaning job that Plaintiff required.

57. Said misrepresentations included but were not limited to verbal misrepresentations by the sales people that the THX machine would do the job that Plaintiff needed done, a video brochure and other printed sales materials that boasted a production rates of at least 400 sashes per 8 hour shift.

58. Additional misrepresentations included the website claim that Defendant has "an unparallel reputation for product innovation, engineering expertise and full-service technical support for window and door fabrication" falsely implying that said corporation does have "engineering expertise."

59. Defendant's misrepresentations were intended to induce Plaintiff to make the purchase and succeeded as such.

60. As a direct and proximate result of these misrepresentations, Plaintiff suffered substantial monetary damages plus costs and fees,

### DEMAND FOR RELIEF

    Wherefore, the Plaintiff respectfully demands that this Honorable Court:

    a. Award the Plaintiff damages against the Defendant plus interest, costs and reasonable attorneys' fees and

b. Award such other monies and further relief as this Honorable Court deems just under these circumstances.

## COUNT IV
### (Recision of Contract)

61. Plaintiff repeats and reavers the allegations contained in the previous paragraphs as if they were set forth above.

62. The THX machine that Defendant sold to Plaintiff was non-conforming and did not work as it was represented to work.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff respectfully demands that this Honorable Court:

a. Determine that the Plaintiff justifiably relied on the representations made by the Defendant.

b. Find that the Plaintiff notified the Defendant of the non-conforming nature of the THX machine,

c. Rescind the instant transaction by ordering Defendant to return all the monies that rightfully belong to the Plaintiff plus cost and expense and restore the Plaintiff to the situation that existed prior to May of 2003.

## CLAIM FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues in the complaint.

DATED: June 14, 2004

Diamond Windows and Doors Mfg., Inc.
By its Attorneys

_____
Laurence S. Moss, Esq.
BBO#548420
Widdy S. Ho
BBO#543747
Ho & Moss, Attorneys
68 Harrison Avenue, 5th floor
Boston, MA 02111
(617) 728 4949 FAX 617 728 4947

8

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Diamond Windows & Doors Mfg., Inc.

### DEFENDANTS
Carlson Wegoma, LLC a/k/a Wegoma, Inc.

FILED IN CLERK'S OFFICE
2004 JUN 14 A 8:30

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Suffolk, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Cuyahoga, Ohio
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

04 11296 MLW

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Laurence S. Moss, Esq.
Widdy S. Ho, Esq.
Ho & Moss, 68 Harrison Avenue, 5th Fl
Boston, MA 02111  617 728 4949

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 362 Personal Injury – Med. Malpractice | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury – Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 630 Liquor Laws | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 640 R.R. & Truck | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 650 Airline Regs. | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 660 Occupational Safety/Health | ☐ 720 Labor/Mgmt. Relations | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | | ☐ 740 Railway Labor Act | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **PRISONER PETITIONS** | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 510 Motions to Vacate Sentence | **SOCIAL SECURITY** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **HABEAS CORPUS:** | ☐ 861 HIA (1395ff) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 530 General | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 535 Death Penalty | ☐ 863 DIWC/DIWW (405(g)) | |
| | | ☐ 540 Mandamus & Other | ☐ 864 SSID Title XVI | |
| | | ☐ 550 Civil Rights | ☐ 865 RSI (405(g)) | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | |
| | | ☐ 791 Empl. Ret. Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | ☐ 871 IRS – Third Party 26 USC 7609 | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

The cause of action in this case is breach of contract and intentional frauds and misrepresentations between diverse parties as per 28 U.S.C. section 1332.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: June 14, 2004

SIGNATURE OF ATTORNEY OF RECORD: /s/ Laurence S. Moss

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Diamond Windows & Doors Mfg., Inc. v. Carlson Wagoma, LLC

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   X    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   n/a

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___    NO X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ___    NO X

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ___    NO ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___    NO X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ___    NO X

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      X EASTERN DIVISION      CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Laurence S. Moss, Esq. , Widdy S. Ho, Esq.
ADDRESS          Ho & Moss, 68 Harrison Avenue, 5th floor, Boston, MA 02111
TELEPHONE NO.    617 728 4949        FAX 617 728 4947

(Cover sheet local.wpd - 11/27/00)